## Patrycia Brothers, Inc. v. McKeefrey

*Arnold E. Rubin,* for appellants.

*Basil C. Clare,* for appellee.

DIGGINS, J., January 19, 1966. — Plaintiff commenced this action to gain possession of the subject premises under The Landlord and Tenant Act of April 6, 1951, P. L. 69, art. I, sec. 101, et seq., 68 PS §250.101, et seq., and specifically under section 501 of the said act, 68 PS §250.501. This action was commenced on October 1, 1965, before Justice of the Peace Vincent A. Mallon, and on October 11, 1965, a hearing was held, all parties being represented by counsel.

At that time, judgment was rendered in favor of plaintiff, and possession of the premises was granted therein on or before October 16, 1965. This appeal followed, and a certiorari was issued, this court making same a supersedeas upon the posting of bond.

It is to be noted that section 506 of the act, 68 PS §250.506, provides that certiorari proceedings shall be reviewed by the court de novo. It is apparent from the action of counsel in placing this matter on the argument list that they wish this matter to be decided on the record as it is now constituted.

The sole issue herein presented is whether or not valid and proper notice was given to appellants. In this regard, the only statement in the record forwarded by the justice of the peace is as follows:

"Defendants deny claim, alleging that 'notice to quit' dated 3/3/65 is subject to a prior action".

The record contains no statement or further detail indicating a compliance with the provisions of section 501 of the act relating to the form or extent of notice.

The act provides that a landlord desiring to use the statutory procedure to recover possession of premises must give the tenant notice to vacate within the varying time limits specified in the statute, and must have such notice served in a manner specified in the statute;

i.e., personal service or by leaving a copy at the principal building on the premises, or by posting it *conspicuously on the premises*. The statute further provides, in section 501, that the notice provided in the act may be reduced or waived, if the lease so provides.

In Dyarman v. Dyarman, 7 D. & C. 2d 651, and cases cited therein, it was held that statutes permitting a summary proceeding to obtain possession are in derogation of the common law and are to be strictly construed. There, it was held that notice by registered mail did not comply with the Act of 1951. In the instant case, the record does *not* indicate: (1) whether 15 days, 30 days or three months' notice is required, (2) whether the notice was served as required by the statute, and (3) whether the required statutory notice was waived or reduced by a lease. We conclude, therefore, that a necessary element of jurisdiction is lacking in the record, and, therefore, the appeal must be sustained. See, inter alia, the following analogous cases decided under other statutes: Lewis v. Goodrich, 63 D. & C. 510; Woodward v. Woodward, 57 D. & C. 423, and Haugh v. Hamilton, 69 Pitts. L. J. 848.

Both counsel, in their briefs, have referred to a prior action relative to this matter, filed in this court to no. 4206 of 1965. In arriving at the aforesaid conclusion, we have not considered the prior action, and have reached the above conclusion independently on the basis of the record in the instant case. Moreover, it has been generally held that a court cannot take judicial notice in one case of the record in another distinct case whether in the same or another court, even though the contents of the record in the other case may be known to the court and although both actions are between the same parties. See, inter alia, John Deere Plow Co. v. Hershey, 287 Pa. 92, and Naffah v. City Deposit Bank, 339 Pa. 157. Of course, this general rule is subject to certain exceptions.

152

However, in the prior action Walter P. Patrycia brought suit for eviction against appellants, after having apparently *sent a letter* to appellants, signed by M. Marion on his behalf, advising them to vacate the premises by March 10, 1965, or thereafter suffer eviction. A hearing was subsequently held in that action before another justice of the peace, at which time a photocopy of a purported lease between Walter P. Patrycia (not the present plaintiff) and appellants was produced. Judgment was there entered for plaintiff and appellants were notified to vacate the premises on or before April 5, 1965. As to the prior action, an appeal was taken to this court, a certiorari issued and a supersedeas order issued upon the filing of a bond. In that case, appellants complained, in essence, that Walter P. Patrycia was not the owner of the premises and that the present plaintiff, Patrycia Brothers, Inc., purportedly was the owner. This prior action was discontinued by Walter P. Patrycia and the present action instituted, wherein the corporate plaintiff alleges to be the owner. We further note that the lease contained in the record of the prior case purports to be between Walter P. Patrycia and appellants, although Mr. Patrycia's signature appears thereon in the witness section. We express no opinion herein as to the validity of this purported lease. As aforesaid, the history of the prior action has not been considered in arriving at the conclusion herein reached.

We, therefore, make the following

ORDER

And now, to wit, January 19, 1966, upon consideration of the record and briefs submitted by counsel relative to the above captioned matter, and after argument, it is ordered, adjudged and decreed that the judgment of Vincent A. Mallon, justice of the peace, entered on October 11, 1965, in the above-captioned matter, be and the same is hereby reversed.