Rule 209.    Continuances and Stays

***

        C.    Except for good cause shown,

           (1)    not more than one continuance shall be granted to each party, and

           (2)    the aggregate of all continuances shall not extend the date of the hearing:

                (a)    beyond 90 days from the date of filing the plaintiff's complaint in proceedings commenced pursuant to Rule 303, or

                (b)    beyond 30 days from the date of filing the **[plaintiff's]** **<u>landlord's</u>** complaint in proceedings commenced pursuant to Rule 502.

***

Rule 503.    Form of Complaint

A.    The complaint shall be made in writing on a form prescribed by the State Court Administrator.

B.    The complaint shall set forth:

(1)    The names and addresses of the parties.

(2)    The location and the address, if any, of the real property possession of which is sought to be recovered.

(3)    That the **[plaintiff is the]** landlord of that property **is the plaintiff in the action**.

(4)    That **[the plaintiff]** **the landlord** leased or rented the property to the **[defendant] tenant** or to some other person under whom the **[defendant] tenant** claims.

(5)    That notice to remove was given to the **[defendant]** **tenant** in accordance with law, or that no notice was required under the terms of the lease.

(6)    That--

(a) the term for which the property was leased or rented is fully ended, or

(b) a forfeiture has resulted by reason of a breach of the conditions of the lease, or

(c) rent reserved and due has, upon demand, remained unsatisfied.

(7)    That the **[defendant] tenant** retains the real property and refuses to give up possession of the property.

(8)    The amount of rent, if any, that remains due and unpaid on the date the complaint is filed and whatever additional rent shall remain due and unpaid at the date of the hearing, and the amount of damages, if any, claimed for injury to or unjust detention of the real property.

C.    The complaint shall be signed by the **[plaintiff or plaintiff's]** **landlord or landlord's** agent and verified as follows:

2

The facts set forth in this complaint are true and correct to the best of my knowledge, information and belief. This statement is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_____
Signature

D. For every individual **[defendant]** <u>tenant</u>, the **[plaintiff or plaintiff's] <u>landlord or landlord's</u>** agent shall attach an affidavit to the complaint indicating that the **[defendant]** <u>tenant</u> is in the military service, that the **[defendant]** <u>tenant</u> is not in the service, or that the **[plaintiff]** <u>landlord</u> is unable to determine whether or not the **[defendant]** <u>tenant</u> is in the service.

Official Note: As in the other rules of civil procedure for magisterial district judges, the complaint will be on a printed form. The filings required by this rule are subject to the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania. See* Rule 217. As to notice to remove, the form will simply state that such a notice, when required, was given to the **[defendant]** <u>tenant</u> in accordance with law. *See* § 501 of the Landlord and Tenant Act, 68 P.S. § 250.501, as amended by § 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, No. 53, 42 P.S. § 20002(a).

In subdivision B(8) the landlord is permitted to claim, in addition to the specific amount of rent due and unpaid at the date of filing, whatever unspecified amount of rent will remain due and unpaid at the date of the hearing. As to claiming damages for injury to property, *compare* Pa.R.C.P. No. 1055.

Subdivision D requires the **[plaintiff]** <u>landlord</u> to affirm if the **[defendant]** <u>tenant</u> is or is not in the military service, or if the **[defendant's]** <u>tenant's</u> military service status is unknown. This information is required to ensure that an eligible **[defendant]** <u>tenant</u> receives the protections afforded by the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901 *et seq.* The affidavit shall be made in writing on a form prescribed by the State Court Administrator.

See Act of January 24, 1966, P.L.(1965) 1534, § 1, as amended by Act of August 11, 1967, P.L. 204, No. 68, § 1, Act of June 11, 1968, P.L. 159, No. 89, § 2, 35 P.S. § 1700-1, which states that "**[n]**o tenant shall be evicted for any reason whatsoever while rent is deposited in escrow" because the dwelling in question has been certified as unfit for human habitation by the appropriate city or county agency. It seems appropriate to leave the matter of evidencing or pleading such a certification or lack thereof to local court of common pleas rules.

Rule 504.    Setting the Date for Hearing; Delivery for Service

The magisterial district judge, at the time the complaint is filed, shall:

(1)    Set a hearing date **[which] that** shall be not less than seven **[(7)]** or more than fifteen **[(15)]** days from the date the complaint is filed.

(2)    Insert the hearing time and date and the address of the magisterial district judge's magisterial district in the complaint form.

(3)    Deliver a copy of the complaint form with hearing time and date thereon to the **[plaintiff or the plaintiff's] landlord or the landlord's** agent.

(4)    Deliver a copy of the complaint form with hearing time and date thereon for service as hereinafter set forth, which copy shall contain the following notice:

(a)    If you have a defense to this complaint, you may present it at the hearing.

(b)    If you have a claim against the **[plaintiff] landlord** arising out of the occupancy of the premises, which is within magisterial district court jurisdiction and which you intend to assert at the hearing, you must file it on a complaint form at this office before the time set for the hearing.

(c)    IF YOU DO NOT APPEAR AT THE HEARING, a judgment for possession and costs, and for damages and rent if claimed, may nevertheless be entered against you. A judgment against you for possession may result in YOUR EVICTION from the premises.

Official Note: The hearing date in subdivision (1) of this rule is required to be set not less than seven days from the filing of the complaint because of the requirement in Rule 506(B) that service be made at least five days before the hearing. It was thought that the requirement that the hearing be held not more than **[fifteen] 15** days from the filing of the complaint should provide ample time to make the type of service required in these cases.

The notice for the **[defendant] tenant** set forth in subdivision (4) of this rule varies somewhat from the notice required in civil actions under Rule 305. There are a number of reasons for this. First, there can be no default judgment in these possessory actions and, secondly, it was thought that cross-complaints of **[defendants] tenants** in these cases should be limited to those arising out of the occupancy of the premises.

4

Rule 506.     Service of Complaint

A.     The magisterial district judge shall serve the complaint by mailing a copy of it to the **[defendant's]** <u>tenant's</u> last known address by first class mail and noting on the docket the date of such mailing, and by delivering a copy of it for service to the sheriff of, or any certified constable in, the county in which the office of the magisterial district judge is situated. If this service is not available to the magisterial district judge, service may be made by any certified constable of the Commonwealth. The officer receiving the copy shall serve it by handing it to the **[defendant]** <u>tenant</u> or to an adult person in charge for the time being of the premises possession of which is sought to be recovered or, if none of the above is found, by posting it conspicuously on those premises.

B.     The copy shall be served at least five days before the hearing.

Official Note:  Under subdivision A of this rule, service must be made both by first class mail and delivery for service in the manner prescribed. In actions where wage garnishment may be sought under Pa.R.C.P. No. 3311, the **[plaintiff]** <u>landlord</u> may authorize the sheriff or constable to make personal service upon **[a]** <u>the</u> tenant**[/defendant]**. If **[a]** <u>the</u> tenant**[/defendant]** is not present at the property the sheriff or constable is authorized to post the complaint so that the underlying landlord-tenant action may proceed. The **[plaintiff]** <u>landlord</u> may authorize the sheriff or constable to make additional attempts to effectuate personal service upon the tenant**[/defendant]** so the **[plaintiff]** <u>landlord</u> can later prove such service if attempting to garnish wages under Pa.R.C.P. No. 3311.  Additional service attempts by the sheriff or constable may result in additional fees.

Rule 507.    Notation and Return of Service; Waiver of Service

A.    The magisterial district judge shall note on the docket the date that a service copy of the complaint was mailed to the **[defendant] <u>tenant</u>**, and the sheriff or constable serving a copy of the complaint shall, at or before the time of the hearing, make proof of service on the form provided, which shall show the manner of service and the day, hour, and place thereof.

B.    The appearance of a **[defendant] <u>tenant</u>** in person or by representative or the filing **[by him]** of a claim in the case shall be deemed a waiver of any defect in service but not a waiver of a defect in venue.

Official Note:  This rule parallels the provisions of Rule 314A and C.

Rule 508.      Claim by **[Defendant]** <u>Tenant</u>

A.      At any time before the hearing, the **[defendant]** <u>tenant</u> may file a cross-complaint on the form prescribed for civil complaints, asserting any claim against the **[plaintiff which]** <u>landlord that</u> arises out of the occupancy of the premises and **[which]** <u>that</u> is within the jurisdiction of the magisterial district judge.

B.      If the **[defendant]** <u>tenant</u> files such a cross-complaint, the magisterial district judge shall set a time and date for the hearing of both complaints together, which shall not be less than **[7]** <u>seven</u> or more than **[15]** <u>fifteen</u> days from the filing of the **[defendant's]** <u>tenant's</u> complaint.

C.      The **[defendant's]** <u>tenant's</u> cross-complaint shall be served on the **[plaintiff]** <u>landlord</u> at least five days before the hearing. At the option of the **[defendant]** <u>tenant</u>, the magisterial district judge shall serve the cross-complaint by mailing a copy of it to the **[plaintiff]** <u>landlord</u>. If the **[defendant]** <u>tenant</u> does not request service by mail, the magisterial district judge shall deliver a copy of the cross-complaint for service to the sheriff of, or any certified constable in, the county in which the office of the magisterial district judge is located. If this service is not available to the magisterial district judge, service may be made by any certified constable of the Commonwealth. The officer receiving the copy shall serve it by handing it to the **[plaintiff]** <u>landlord</u> or to an adult person in charge for the time being of the **[plaintiff's]** <u>landlord's</u> residence or usual place of business.

Official Note:   As to subdivision A of this rule, *see* **[the Note to]** Rule 504<u>, **Note**</u>. *See also* 42 Pa.C.S. § 1515(a)(3), as to waiver of jurisdictional limits, the **[defendant]** <u>tenant</u> filing a cross-complaint being considered a "plaintiff" as to the cross-complaint within the meaning of this statute.

Subdivision B sets forth the time limits for setting hearings when a cross-complaint is filed. These limits recognize the need for reasonable expedition in these cases.

Subdivision C contains provisions for service of the cross-complaint. Mail service need not be by certified or registered mail.

Since a cross-complaint is in the nature of a responsive pleading there is no fee for filing it.

Rule 512.    Hearings and Evidence

A.    The **[plaintiff must]** <u>landlord shall</u> appear at the hearing and present testimony in an action for the recovery of possession of real property.

B.    The magisterial district judge shall be bound by the rules of evidence, except that a bill, estimate, receipt<u>,</u> or statement of account **[which]** <u>that</u> appears to have been made in the regular course of business may be introduced in evidence by any party without affidavit or other evidence of its truth, accuracy<u>,</u> or authenticity.

Official Note:   Subdivision A of this rule is intended to make clear that the magisterial district judge **[may]** <u>shall</u> not enter a default judgment in a possessory action, including a judgment for money only. The **[plaintiff must]** <u>landlord shall</u> appear and give testimony to prove the complaint even when the **[defendant]** <u>tenant</u> fails to appear for the hearing. *See* Rule 514A and Note. *See also* Section 503(a) of **[T]**<u>t</u>he Landlord and Tenant Act of 1951, 68 P.S. § 250.503(a). When the **[plaintiff]** <u>landlord</u> fails to appear at the hearing, the magisterial district judge may continue the hearing for cause or dismiss the complaint without prejudice.

Subdivision B of this rule is the same as Rule 321 of the civil action rules.

Rule 513.     Disputes Concerning Title

A.     If the **[defendant]** <u>tenant</u> declares in writing, on oath or affirmation, that the title to the real property is disputed and claimed by some named person other than the **[plaintiff]** <u>landlord</u> by virtue of a right or title accruing by descent from or deed or will of the landlord since the commencement of the lease, and if that person, whether or not appearing before the magisterial district judge, also declares in writing, on oath or affirmation, **[that he truly believes he is entitled]** <u>a true belief of entitlement</u> to the real property, the magisterial district judge shall stay the proceedings, provided the person claiming title files in the court of common pleas of the county in which the real property is located a bond, satisfactory to that court, conditioned upon prosecuting **[his]** <u>the</u> claim in the court of common pleas. If the claim is not prosecuted in accordance with the conditions of the bond, the bond shall be forfeited to the **[plaintiff]** <u>landlord</u> and the magisterial district judge shall proceed to judgment.

B.     If the **[defendant]** <u>tenant</u> declares in writing, on oath or affirmation, that the real property is held and claimed by **[him]** <u>the tenant</u> as a joint tenant or tenant in common with the **[plaintiff]** <u>landlord</u> and that **[he]** <u>the tenant</u> truly believes that the real property so held does not exceed in quantity or value the just proportion of **[his]** <u>the tenant's</u> share as a joint tenant or tenant in common, the magisterial district judge shall stay the proceedings, provided the **[defendant]** <u>tenant</u> files in the court of common pleas of the county in which the real property is located a bond, satisfactory to that court, conditioned upon prosecuting **[his]** <u>the</u> claim in the court of common pleas. If the claim is not prosecuted in accordance with the conditions of the bond, the bond shall be forfeited to the **[plaintiff]** <u>landlord</u> and the magisterial district judge shall proceed to judgment.

Official Note: This rule sets forth the procedures when there is a dispute concerning title.

9

Rule 514.     Judgment; Notice of Judgment or Dismissal and the Right to Appeal

A.     If it appears at the hearing that the complaint has been proven, the magisterial district judge shall enter judgment against the **[defendant] tenant** that the real property be delivered up to the **[plaintiff] landlord** and shall enter judgment by separate entries:

(1)     for the amount of rent, if any, which remains due,

(2)     for the amount of damages, if any, for unjust detention,

(3)     for the physical damages, if any, to the leasehold premises, and

(4)     for the costs of the proceeding;

less any amount found due the **[defendant] tenant** on any cross-complaint filed by the **[defendant] tenant**.

In addition, the magisterial district judge shall make an entry identifying the sum of money found by the magisterial district judge to constitute the monthly rental for the leasehold premises.

B.     A money judgment may be rendered for the **[defendant] tenant** on a cross-complaint filed by the **[defendant] tenant** if the amount found due thereon exceeds any amount found due the **[plaintiff] landlord** on the **[plaintiff's] landlord's** complaint.

C.     (1)     Judgment shall be given at the conclusion of the hearing or within three days thereafter.

(2)     Upon the entry of the judgment, the magisterial district court shall promptly give or mail to the parties written notice of judgment or dismissal.

D.     The written notice of judgment or dismissal shall contain:

(1)     notice of the right of the parties to appeal, the time within which the appeal must be taken, and that the appeal is to the court of common pleas;

(2)     notice that a tenant in a residential lease action who is a victim of domestic violence may appeal the judgment within 30 days of the date of entry of judgment, as well as filing instructions for asserting such an appeal;

(3)     notice that, except as otherwise provided in the rules, if the judgment holder elects to enter the judgment in the court of common pleas, all further process must

10

come from the court of common pleas and no further process may be issued by the magisterial district judge; and

(4)     notice that unless the judgment is entered in the court of common pleas anyone interested in the judgment may file a request for entry of satisfaction with the magisterial district judge if the debtor pays in full, settles, or otherwise complies with the judgment.

Official Note: **[Paragraph]** **Subdivision** A of this rule requires that the **[plaintiff]** **landlord** appear and give testimony to prove the complaint before the magisterial district judge can enter judgment against the **[defendant]** **tenant**, even when the **[defendant]** **tenant** fails to appear for the hearing. The magisterial district judge **[may]** **shall** not enter a default judgment in a possessory action, including a judgment for money only. **[See]** **_See_** Rule 512A and Note. The various issues that the magisterial district judge must determine at the hearing include: whether notice to quit was given to the **[defendant]** **tenant** in accordance with law or that no notice was required under the terms of the lease; the amount or rent due, if any; damages to the leasehold premises, if any; the amount found to constitute the monthly rental**[,]** **;** and**[;]** **,** the amount of the security deposit held by the landlord, if any.

As to the notice to quit requirement, **[see]** **_see_** Section 501 of **[T]t**he Landlord and Tenant Act of 1951, 68 P.S. § 250.501. **[See also]** **_See also_** _Patrycia Bros., Inc. v. McKeefrey_, 38 Pa. D. & C.2d 149 (Delaware County C.P. 1966).

The separate entries provided in **[paragraph]** **subdivision** A are made necessary as a result of the rental deposit provisions for appeal or **[certiorari]** **_certiorari_** contained in Rules 1008B and 1013B, as well as the wage attachment provisions contained in Section 8127 of the Judicial Code, 42 Pa.C.S. § 8127.

Subdivision B of this rule makes provision for a money judgment for the **[defendant]** **tenant** if the **[defendant]** **tenant** prevails in a greater amount on the **[defendant's]** **tenant's** cross-complaint.

Subdivision D of this rule provides for certain notices the magisterial district court shall include in the written notice of judgment or dismissal.

Subdivision D(2) reflects that the appeal period for a victim of domestic violence in a case arising out of a residential lease is 30 days. _See_ Rule 1002B(2); _see also_ 68 P.S. § 250.513. A tenant who is a victim of domestic violence may file a domestic violence affidavit with the magisterial district court to stay the execution of an order for possession until 30 days after the date of entry of the judgment, the filing of an appeal with the court of common pleas pursuant to Rule 1002, or by order of the court of common pleas, whichever is earlier. _See_ Rule 514.1.

11

As to **[paragraph]** <u>subdivision</u> D(3), **[see]** <u>*see*</u> Rule 402D and Note. As to **[paragraph]** <u>subdivision</u> D(4), **[see]** <u>*see*</u> Rule 341.

Rule 515.      Request for Order for Possession

A.      If the magisterial district judge has rendered a judgment arising out of a non-residential lease that the real property be delivered up to the **[plaintiff] landlord**, the **[plaintiff] landlord** may, after the 15th day following the date of the entry of the judgment, file with the magisterial district judge a request for an order for possession. The request shall include a statement of the judgment amount, return, and all other matters required by these rules.

B.      (1)      Except as otherwise provided in subdivision B(2), if the magisterial district judge has rendered a judgment arising out of a residential lease that the real property be delivered up to the **[plaintiff] landlord**, the **[plaintiff] landlord** may after the 10th day but within 120 days following the date of the entry of the judgment, file with the magisterial district judge a request for an order for possession.  The request shall include a statement of the judgment amount, return, and all other matters required by these rules.

(2)      In a case arising out of a residential lease, if before the **[plaintiff] landlord** requests an order for possession,

(a)      an appeal or writ of *certiorari* operates as a *supersedeas*; or

(b)      proceedings in the matter are stayed pursuant to a bankruptcy proceeding or other federal or state law; and

(c)      the *supersedeas* or the bankruptcy or other stay is subsequently stricken, dismissed, lifted, or otherwise terminated so as to allow the **[plaintiff] landlord** to proceed to request an order for possession,

the **[plaintiff] landlord** may request an order for possession only within 120 days of the date the *supersedeas* or the bankruptcy or other stay is stricken, dismissed, lifted, or otherwise terminated.

Official Note:   The 15 days in subdivision A of this rule, when added to the 16-day period provided for in Rule 519A, will give the **[defendant] tenant** time to obtain a *supersedeas* within the appeal period.  *See* Rules 1002, 1008, 1009, and 1013.

The 1995 amendment to section 513 of the Landlord and Tenant Act of 1951, 68 P.S. § 250.513, established a 10-day appeal period from a judgment for possession of real estate arising out of a residential lease.  *See also* Rule 1002B(1).  Rule 1002B(2)(a) provides for a 30-day appeal period for tenants who are victims of domestic violence.  In most cases, the filing of the request for an order for possession in subdivision B(1) is not permitted until after the appeal period has expired.  In cases arising out of a residential

lease, the request for an order for possession generally must be filed within 120 days of the date of the entry of the judgment.

If the tenant is a victim of domestic violence, he or she may file a domestic violence affidavit to stay the execution of the order for possession until the tenant files an appeal with the prothonotary pursuant to Rule 1002, 30 days after the date of entry of the judgment, or by order of the court of common pleas, whichever is earlier. *See* Rule 514.1C. No posting of money or bond is required to obtain a stay with the filing of a domestic violence affidavit; however, upon the filing of an appeal pursuant to Rule 1002, the stay is lifted, and the *supersedeas* requirements of Rule 1008 shall apply.

The magisterial district court shall enter stays in compliance with federal or state law, such as the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901 *et seq*.

Subdivision B(2) provides that in a case arising out of a residential lease, if a *supersedeas* (resulting from an appeal or writ of *certiorari*) or bankruptcy or other stay is stricken, dismissed, lifted, or otherwise terminated, thus allowing the **[plaintiff]** <u>landlord</u> to proceed with requesting an order for possession, the request may be filed only within 120 days of the date the *supersedeas* or the bankruptcy or other stay is stricken, dismissed, lifted, or otherwise terminated.

**<u>In many judicial districts, appeals of magisterial district court judgments are submitted to compulsory arbitration pursuant to Pa.R.C.P. Nos. 1301–1314. If, after the arbitration, the prothonotary enters an award for possession on the docket in favor of the landlord and the tenant fails to maintain the *supersedeas* required by Rule 1008 prior to the prothonotary entering judgment on the award, then the landlord may terminate the *supersedeas* pursuant to Rule 1008B and request an order of possession from the magisterial district judge pursuant to Rule 515. If the prothonotary enters an award on the docket in favor of the tenant and the tenant fails to maintain the *supersedeas* prior to the prothonotary entering judgment on the award, the landlord may not obtain an order of possession between the time that the prothonotary enters the arbitration award on the docket and the time that the landlord files a notice of appeal.</u>**

The time limits in which the **[plaintiff]** <u>landlord</u> must request an order for possession imposed in subdivision B apply only in cases arising out of residential leases and in no way affect the **[plaintiff's]** <u>landlord's</u> ability to execute on the money judgment. *See* Rule 516, Note, and Rule 521A.

At the time the **[plaintiff]** <u>landlord</u> files the request for an order for possession, the magisterial district court should collect server fees for all actions through delivery of possession. Thereafter, if the order for possession is satisfied 48 hours or more prior to

a scheduled delivery of possession, a portion of the server costs may be refundable. *See* Rules 516 through 520 and 44 Pa.C.S. § 7161(d).

Rule 516.      Issuance and Reissuance of Order for Possession

A.      Upon the timely filing of the request form, the magisterial district judge shall issue the order for possession and shall deliver it for service and execution to the sheriff of, or any certified constable in, the county in which the office of the magisterial district judge is situated. If this service is not available to the magisterial district judge, service may be made by any certified constable of the Commonwealth. The order shall direct the officer executing it to deliver actual possession of the real property to the **[plaintiff] landlord**. The magisterial district judge shall attach a copy of the request form to the order for possession.

B.      (1)      Except as otherwise provided in subdivision C, upon written request of the **[plaintiff] landlord** the magisterial district judge shall reissue an order for possession for one additional 60-day period.

(2)      If an order for possession is issued and subsequently superseded by an appeal, writ of *certiorari, supersedeas*, or a stay pursuant to a bankruptcy proceeding or other federal or state law or Rule 514.1C, and

(a)      the appeal, writ of *certiorari*, or *supersedeas* is stricken, dismissed, or otherwise terminated; or

(b)      the bankruptcy or other stay is lifted; and

(c)      the **[plaintiff] landlord** wishes to proceed with the order for possession,

the **[plaintiff] landlord** must file with the magisterial district judge a written request for reissuance of the order for possession in accordance with subdivision B(1).

C.      In a case arising out of a residential lease a request for reissuance of an order for possession may be filed only within 120 days of the date of the entry of the judgment or, in a case in which the order for possession is issued and subsequently superseded by an appeal, writ of *certiorari, supersedeas,* or a stay pursuant to a bankruptcy proceeding or other federal or state law or Rule 514.1C, only within 120 days of the date the appeal, writ of *certiorari*, or *supersedeas* is stricken, dismissed, or otherwise terminated or the bankruptcy **or** other stay is lifted.

D**.**      A written request for reissuance of the order for possession, filed after an appeal, writ of *certiorari*, or *supersedeas* is stricken, dismissed, or otherwise terminated, or a bankruptcy or other stay is lifted, must be accompanied by a copy of the court order or other documentation striking, dismissing, or terminating the appeal, writ of *certiorari*, or *supersedeas*, or lifting the bankruptcy or other stay.

Official Note: The order for possession deals only with delivery of possession of real property and not with a levy for money damages. A **[plaintiff] landlord** who seeks execution of the money judgment part of the judgment must proceed under Rule 521A, using the forms and procedure there prescribed. The reason for making this distinction is that the printed notice requirements on the two forms, and the procedures involved in the two matters, differ widely.

Subdivision B provides for reissuance of the order for possession for one additional 60-day period. However, pursuant to subdivision C, in cases arising out of a residential lease, the request for reissuance of the order for possession must be filed within 120 days of the date of the entry of the judgment or, in a case in which the order for possession is issued and subsequently superseded by an appeal, writ of *certiorari, supersedeas,* or a stay pursuant to a bankruptcy proceeding or other federal or state law or Rule 514.1C, only within 120 days of the date the appeal, writ of *certiorari*, or *supersedeas* is stricken, dismissed, or otherwise terminated, or the bankruptcy or other stay is lifted. The additional 60-day period need not necessarily immediately follow the original 60-day period of issuance. The written request for reissuance may be in any form and may consist of a notation on the permanent copy of the request for order for possession form, "Reissuance of order for possession requested," subscribed by the **[plaintiff] landlord**. The magisterial district judge shall mark all copies of the reissued order for possession, "Reissued. Request for reissuance filed ………. (time and date)." A new form may be used upon reissuance, those portions retained from the original being exact copies although signatures may be typed or printed with the mark "/s/." There are no filing costs for reissuing an order for possession, for the reissuance is merely a continuation of the original proceeding. However, there may be additional server costs for service of the reissued order for possession.

The magisterial district court shall enter stays in compliance with federal or state law, such as the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901 *et seq*.

**In many judicial districts, appeals of magisterial district court judgments are submitted to compulsory arbitration pursuant to Pa.R.C.P. Nos. 1301–1314. If, after the arbitration, the prothonotary enters an award for possession on the docket in favor of the landlord and the tenant fails to maintain the *supersedeas* required by Rule 1008 prior to the prothonotary entering judgment on the award, then the landlord may terminate the *supersedeas* pursuant to Rule 1008B and request an order of possession from the magisterial district judge pursuant to Rule 515. If the prothonotary enters an award on the docket in favor of the tenant and the tenant fails to maintain the *supersedeas* prior to the prothonotary entering judgment on the award, the landlord may not obtain an order of possession between the time that the prothonotary enters the arbitration award on the docket and the time that the landlord files a notice of appeal.**

The time limits in which the **[plaintiff]** <u>landlord</u> must request reissuance of an order for possession imposed in subdivision C apply only in cases arising out of residential leases and in no way affect the **[plaintiff's]** <u>landlord's</u> ability to execute on the money judgment. *See* Rule 521A.

Rule 517. Notation of Time of Receipt; Service of Order for Possession

The magisterial district judge shall mail a copy of the order for possession to the **[defendant]** <u>tenant</u> by first class mail and shall deliver a copy of it for service to the sheriff of, or any certified constable in, the county in which the office of the magisterial district judge is situated. If this service is not available to the magisterial district judge, service may be made by any certified constable of the Commonwealth. The officer receiving the order for possession shall note upon the form the time and date that it was received, and shall serve the order within **[forty-eight (48)]** <u>48</u> hours by handing a copy of it to the **[defendant]** <u>tenant</u> or to an adult person in charge for the time being of the premises possession of which is to be delivered or, if none of the above is found, by posting it conspicuously on those premises. The service copy of the order shall contain the following notice:

(1)     For nonresidential leases:

If you, and all occupants of this property not authorized by the owner to be present thereon, do not vacate this property within **[fifteen (15)]** <u>15</u> days after the date of this notice, the law authorizes me to use such force as may be necessary to enter upon the property, by the breaking in of any door or otherwise, and to eject you and all unauthorized occupants.

(2)     For residential leases:

If you, and all occupants of this property not authorized by the owner to be present thereon, do not vacate this property within **[ten (10)]** <u>10</u> days after the date of this notice, the law authorizes me to use such force as may be necessary to enter upon the property by the breaking in of any door or otherwise, and to eject you and all unauthorized occupants.

The date of the notice shall be the same as the date of the service.

Official Note:  Under this rule, service must be made both by first class mail and delivery for service in the manner prescribed. The differing lengths of notices set forth for nonresidential leases and residential leases are made necessary by reason of the 1995 amendment to Section 513 of the [Landlord/Tenant Act] **Landlord and Tenant Act of 1951, 68 P.S. § 250.513**.  **[See Note following Pa.R.C.P.M.D.J. No. 515]** <u>**See Rule 515, Note**</u>.

Rule 518. Satisfaction of Order by Payment of Rent and Costs

At any time before actual delivery of the real property is made in execution of the order for possession, the **[defendant]** <u>tenant</u> may, in a case for the recovery of possession solely because of failure to pay rent, satisfy the order for possession by paying to the executing officer the rent actually in arrears and the costs of the proceedings. The executing officer shall give the **[defendant]** <u>tenant</u> a signed receipt for any such payment.

Official Note: "Rent actually in arrears" means the sum set forth on the order for possession.

For procedure for entry of satisfaction of money judgments, **[see]** <u>see</u> Rule 341.

Rule 519. Forcible Entry and Delivery of Possession

A.      If, on or after the **[sixteenth (16th)]** <u>16th</u> day following the service of the order for possession arising out of a nonresidential lease, the **[defendant]** <u>tenant</u> or any unauthorized occupant remains on the real property, the officer executing the order for possession shall use such force as may be necessary to enter upon the property, by the breaking in of any door or otherwise, and to eject the **[defendant]** <u>tenant</u> and any unauthorized occupant and shall deliver possession of the real property to the **[plaintiff]** <u>landlord</u> or the **[plaintiff's]** <u>landlord's</u> agent.

B.      If, on or after the **[eleventh (11th)]** <u>11th</u> day following the service of the order for possession in cases arising out of a residential lease, the **[defendant]** <u>tenant</u> or any unauthorized occupant remains on the real property, the officer executing the order for possession shall use such force as may be necessary to enter upon the property, by the breaking in of any door or otherwise, and to eject the **[defendant]** <u>tenant</u> and any unauthorized occupant and shall deliver possession of the real property to the **[plaintiff]** <u>landlord</u> or the **[plaintiff's]** <u>landlord's</u> agent.

C.      No order for possession may be executed after 60 days following its issuance or reissuance.

Official Note:  The differing lengths of notices set for nonresidential leases and residential leases are made necessary by reason of the 1995 amendment to **[s]S**ection 513 of the Landlord and Tenant Act of 1951, 68 P.S. § 250.513. **[See]** *See* Rule 515, Note.

Rule 519.1. Request for Determination of Abandoned Manufactured Home

A.    A **[plaintiff]** <u>landlord</u> may request a determination that a manufactured home is abandoned by filing the request on a form prescribed by the State Court Administrator with the magisterial district court in the magisterial district where the manufactured home is located.

B.    If the determination is not or cannot be made during a hearing for recovery of possession pursuant to this chapter, the magisterial district court shall set a hearing date **[which]** <u>that</u> shall be not less than seven **[(7)]** or more than fifteen **[(15)]** days from the date the request is filed.

C.    The magisterial district court shall serve a copy of the request and the hearing notice on the **[defendant]** <u>tenant</u> in the manner set forth in Rule 506.

D.    The magisterial district judge shall promptly give or mail written notice of the determination to the parties in interest. Notice of the determination shall contain advice as to the right of the parties to file a Statement of Objection, the time within which the statement must be filed, and that the statement is to be filed with the court of common pleas.

E.    Any party aggrieved by a determination made by a magisterial district judge under this rule may obtain a reconsideration thereof in the court of common pleas by filing a statement of objection to the determination pursuant to Rule 1016 with the prothonotary and with the magisterial district judge in whose office the determination was made.

Official Note: This rule was adopted in 2013 to accommodate the provisions of **[s]**<u>S</u>ection 10.1 of the Act of November 24, 1976, P.L. 1176, No. 261, added by **[s]**<u>S</u>ection 2 of the Act of October 24, 2012, P.L. 156, § 2, 68 P.S. § 398.10.1, which provides for a magisterial district judge to hold a hearing and make a determination that a manufactured home is abandoned.

The **[plaintiff]** <u>landlord</u> must pay any fees or costs at the time of filing the request.

Rules 1016–1020, providing for the filing and consideration of a statement of objection to an order or determination made by a magisterial district judge under Rule 420, also apply to determinations made under this rule. A party seeking reconsideration of a determination of abandonment made concurrent with a judgment for possession must file the statement of objection in addition to the notice of appeal.  Rule 1016B requires that the statement of objection must be filed with the prothonotary and the magisterial district judge within **[ten (10)]** <u>10</u> days after the date of the determination to which objection is made. Both appeals from judgments for possession under residential leases

and statements of objections to determinations of abandonment must be made within **[ten (10)]** <u>10</u> days after the date of entry.

Rule 520. Officer's Return

Within five **[(5)]** business days following delivery of possession to the **[plaintiff] landlord** or satisfaction by payment of rent in arrears and costs, the officer executing the order for possession shall make a return on the order for possession form. The return shall show:

(1) The date, time, place**,** and manner of service of the order.

(2) If the order was satisfied by the payment of rent in arrears and costs by or on behalf of the **[defendant] tenant**, the amount of that payment**,** and its distribution.

(3) The time and date of any forcible entry and ejectment, or that no entry for the purpose of ejectment had to be made.

(4) The officer's expenses and fees.

Rule 521. Execution by Levy

A.    If the **[plaintiff]** <u>landlord</u> in an action for recovery of possession of real property obtains a judgment for damages for injury to or unjust detention of the premises, for rent remaining due and for the costs of the proceeding, or for any of these, **[he]** <u>**the landlord**</u> may obtain execution of that judgment by levy upon personal property of the **[defendant]** <u>tenant</u> in accordance with the rules for the Execution of Judgments for the Payment of Money Rendered by Magisterial District Judges, and the form for a request for an order of execution there prescribed shall be used for this purpose.

B.    If the **[defendant]** <u>tenant</u> in an action for recovery of possession of real property obtains a money judgment on a cross-complaint against the **[plaintiff]** <u>landlord</u>, **[he]** <u>the tenant</u> may obtain execution of the judgment by levy upon personal property of the **[plaintiff]** <u>landlord</u> in accordance with the rules for the Execution of Judgments for the Payment of Money Rendered by Magisterial District Judges.

Official Note: **[See the note to Rule 516]** <u>*See* **Rule 516, Note**</u>.

25

Rule 1007.   Procedure on Appeal

A.      The proceeding on appeal shall be conducted **[de novo]** *de novo* in accordance with the Rules of Civil Procedure that would be applicable if the action was initially commenced in the court of common pleas.

B.      Except as otherwise provided in subdivision C, the action upon appeal may not be limited with respect to amount in controversy, joinder of causes of action or parties, counterclaims, added or changed averments or otherwise because of the particulars of the action before the magisterial district judge.

C.      When an appeal is taken from a supplementary action filed pursuant to Rule 342, only those issues arising from the Rule 342 action are to be considered.

Official Note:   As under earlier law, the proceeding on appeal is conducted **[de novo]** *de novo*, but the former rule that the proceeding would be limited both as to jurisdiction and subject matter to the action before the magisterial district judge (**[see Crowell Office Equipment v. Krug]** *see Crowell Office Equipment v. Krug*, **[213 Pa. Super. 261,]** 247 A.2d 657 (**Pa. Super.** 1968)) has not been retained. Under subdivision B, the court of common pleas on appeal can exercise its full jurisdiction and all parties will be free to treat the case as though it had never been before the magisterial district judge, subject of course to the Rules of Civil Procedure. The only limitation on this is contained in subdivision C, which makes clear that an appeal from a supplementary action filed pursuant to Rule 342 is not intended to reopen other issues from the underlying action that were not properly preserved for appeal.

**In many judicial districts, appeals of magisterial district court judgments are submitted to compulsory arbitration pursuant to Pa.R.C.P. Nos. 1301–1314.  If, after the arbitration, the prothonotary enters an award for possession on the docket in favor of the landlord and the tenant fails to maintain the *supersedeas* required by Rule 1008 prior to the prothonotary entering judgment on the award, then the landlord may terminate the *supersedeas* pursuant to Rule 1008B and request an order of possession from the magisterial district judge pursuant to Rule 515. If the prothonotary enters an award on the docket in favor of the tenant and the tenant fails to maintain the *supersedeas* prior to the prothonotary entering judgment on the award, the landlord may not obtain an order of possession between the time that the prothonotary enters the arbitration award on the docket and the time that the landlord files a notice of appeal.**

Rule 1008. Appeal as **[Supersedeas]** *Supersedeas*

      A.     Receipt by the magisterial district judge of the copy of the notice of appeal from the judgment shall operate as **[supersedeas]** a *supersedeas*, except as provided in subdivisions B and C of this rule.

      B.     When **[an]** **a tenant** appeal**s** **[is]** from a judgment for the possession of real property, receipt by the magisterial district judge of the copy of the notice of appeal shall operate as a **[supersedeas]** *supersedeas* only if the **[appellant]** **tenant** at the time of filing the notice of appeal, deposits with the prothonotary a sum of money (or a bond, with surety approved by the prothonotary) equal to the lesser of three **[(3)]** months' rent or the rent actually in arrears on the date of the filing of the notice of appeal, based upon the magisterial district judge's order of judgment, and, thereafter, deposits cash or bond with the prothonotary in a sum equal to the monthly rent **[which]** **that** becomes due during the period of time the proceedings upon appeal are pending in the court of common pleas, such additional deposits to be made within **[thirty (30)]** **30** days following the date of the appeal, and each successive **[thirty (30)]** **30-**day period thereafter.

      Upon application by the landlord, the court shall release appropriate sums from the escrow account on a continuing basis while the appeal is pending to compensate the landlord for the tenant's actual possession and use of the premises during the pendency of the appeal.

      In the event the **[appellant]** **tenant** fails to deposit the sums of money, or bond, required by this rule when such deposits are due, the prothonotary, upon **[praecipe]** *praecipe* filed by the **[appellee]** **landlord**, shall terminate the **[supersedeas]** *supersedeas*. Notice of the termination of the **[supersedeas]** *supersedeas* shall be forwarded by first class mail to **the** attorneys of record, or, if a party is unrepresented, to the party's last known address of record.

      When the deposit of money or bond is made pursuant to the rule at the time of filing the appeal, the prothonotary shall make upon the notice of appeal and its copies a notation that it will operate as a **[supersedeas]** *supersedeas* when received by the magisterial district judge.

      C.     Indigent Tenants

      (1)     Residential tenants who seek to appeal from a magisterial district court judgment for possession and who do not have the ability to pay the lesser of three months' rent or the full amount of the magisterial district court judgment for rent shall file with the office of the prothonotary a tenant's affidavit, as set forth in subdivision **C**(2).

(2) The tenant's affidavit shall be substantially in one of the following two forms:

[Caption]

## TENANT'S **[SUPERSEDEAS]** <u>*SUPERSEDEAS*</u> AFFIDAVIT (NON-SECTION 8)

I, _____ (print name and address here), have filed a notice of appeal from a magisterial district court judgment awarding to my landlord possession of real property that I occupy, and I do not have the financial ability to pay the lesser of three **[(3)]** times my monthly rent or the judgment for rent awarded by the magisterial district court. My total household income does not exceed the income limits set forth in the supplemental instructions for obtaining a stay pending appeal and I have completed an **[in forma pauperis]** <u>*in forma pauperis*</u> (IFP) affidavit to verify this. I have/have not (cross out the one that does not apply) paid the rent this month.

I verify that the statements made in this affidavit are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.


_____                   _____
            Date                                              SIGNATURE OF TENANT

OR

[Caption]

## SECTION 8 TENANT'S **[SUPERSEDEAS]** <u>*SUPERSEDEAS*</u> AFFIDAVIT

I, _____ (print name and address here), have filed a notice of appeal from a magisterial district court judgment awarding my landlord possession of real property that I occupy, and I do not have the financial ability to pay the lesser of three **[(3)]** times my monthly rent or the actual rent in arrears. My total household income does not exceed the income limits set forth in the supplemental instructions for obtaining a stay pending appeal and I have completed an **[in forma pauperis]** <u>*in forma pauperis*</u> (IFP) affidavit to verify this. I have/have not (cross out the one that does not apply) paid the rent this month.

The total amount of monthly rent that I personally pay to the landlord is $ _____. I hereby certify that I am a participant in the Section 8 program and I am not subject to a final (**[i.e.]** <u>*i.e.*</u>, non-appealable) decision of a court or government agency

**[which]** **that** terminates my right to receive Section 8 assistance based on my failure to comply with program rules.

I verify that the statements made in this affidavit are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

_____                    _____
Date                                                                      SIGNATURE OF TENANT


      (3)     (a)     If the rent has already been paid to the landlord in the month in which the notice of appeal is filed, the tenant shall pay into an escrow account with the prothonotary the monthly rent in **[thirty (30)]** **30-**day intervals from the date the notice of appeal was filed; or

      (b)     If the rent has not been paid at the time of filing the notice of appeal, the tenant shall pay:

      (i) at the time of filing the notice of appeal, a sum of money equal to one third (1/3) of the monthly rent;

      (ii) an additional deposit of two thirds (2/3) of the monthly rent within **[twenty (20)]** **20** days of filing the notice of appeal; and

      (iii) additional deposits of one month's rent in full each **[thirty (30)]** **30** days after filing the notice of appeal. The amount of the monthly rent is the sum of money found by the magisterial district judge to constitute the monthly rental for the leasehold premises pursuant to Rule 514A. However, when the tenant is a participant in the Section 8 program, the tenant shall pay the tenant share of the rent as set forth in the "Section 8 Tenant's **[Supersedeas]** _**Supersedeas**_ Affidavit" filed by the tenant.

      (4)     The prothonotary's office of the **[C]c**ourt of **[C]c**ommon **[P]p**leas in which the appeal is taken shall provide residential tenants who have suffered a judgment for possession with a "Supplemental Instructions for Obtaining a Stay of Eviction" as it appears on the **[website]** **Forms page** of the **[Minor Court Rules Committee]** **website of the Unified Judicial System of Pennsylvania at www.pacourts.us**.

      Note: The **[website of the Minor Court Rules Committee is part of the]** **Forms page is found on the** home page of the **[Administrative Office of Pennsylvania**

**Courts] Unified Judicial System of Pennsylvania** at www.pacourts.us. The Supplemental Instructions include both instructions and income limits.

The income limits are stated in monthly amounts and are based upon the most recent poverty income guidelines issued by the Federal Department of Health and Human Services.

(5)     When the requirements of **[paragraphs] subdivisions C**(2)**[ and ]–**(3) have been met, the prothonotary shall issue a **[supersedeas]** *supersedeas*.

(6)     Upon application by the landlord, the court shall release appropriate sums from the escrow account on a continuing basis while the appeal is pending to compensate the landlord for the tenant's actual possession and use of the premises during the pendency of the appeal.

(7)     If the tenant fails to make monthly rent payments to the prothonotary as described in **[paragraph] subdivision C**(3), the **[supersedeas]** *supersedeas* may be terminated by the prothonotary upon **[praecipe]** *praecipe* by the landlord or other party to the action. Notice of the termination of the **[supersedeas]** *supersedeas* shall be forwarded by first class mail to **the** attorneys of record, or, if a party is unrepresented, to the party's last known address of record.

(8)     If the **[C]c**ourt of **[C]c**ommon **[P]p**leas determines, upon written motion or its own motion, that the averments within any of the tenant's affidavits do not establish that the tenant meets the terms and conditions of **[paragraph] subdivision C**(1), **[supra]** *supra*, the **[C]c**ourt may terminate the **[supersedeas]** *supersedeas*. Notice of the termination of the **[supersedeas]** *supersedeas* shall be forwarded by first class mail to **the** attorneys of record, or, if a party is unrepresented, to the party's last known address of record.

D.     If an appeal is stricken or voluntarily terminated, any **[supersedeas]** *supersedeas* based on it shall terminate. The prothonotary shall pay the deposits of rental to the **[party who sought possession of the real property] landlord**.

Official Note: Subdivision A provides for an automatic **[supersedeas]** *supersedeas* in appeals from civil actions upon receipt by the magisterial district judge of a copy of the notice of appeal.

Subdivision B, however, does require the deposit of money or approved bond as a condition for **[supersedeas where]** *supersedeas* **when** the appeal is from a judgment for the possession of real property. A new subdivision **[(C)] C** was created in 2008 to provide for appeals by indigent residential tenants who are unable to meet the bond requirements of subdivision **[(B)] B**.

The request for termination of the **[supersedeas]** *supersedeas*, upon the **[praecipe]** *praecipe* filed with the prothonotary, may simply state: "Please terminate the **[supersedeas]** *supersedeas* in the within action for failure of the **[appellant]** <u>tenant</u> to pay monthly rental as required by Pa.R.C.P.M.D.J. No. 1008 when it became due" and will be signed by **[appellee]** <u>the landlord</u>. The prothonotary will then note upon the **[praecipe]** *praecipe*: "Upon confirmation of failure of the **[appellant]** <u>tenant</u> to deposit the monthly rent when it became due, the **[supersedeas]** *supersedeas* is terminated," and the prothonotary will sign and clock the **[praecipe]** *praecipe*. A copy of the **[praecipe]** *praecipe* may thereupon be displayed to the magisterial district judge who rendered the judgment, and a request for issuance of an order for possession under Pa.R.**[A]C**.P.M.D.J. No. 515 may be made.

The deposit of rent required hereunder is intended to apply in all cases, irrespective of the reasons **[which]** <u>that</u> caused the filing of the complaint before the magisterial district judge in the first instance. Disposition of the monthly rental deposits will be made by the court of common pleas following its **[de novo]** *de novo* hearing of the matter on appeal.

**<u>In many judicial districts, appeals of magisterial district court judgments are submitted to compulsory arbitration pursuant to Pa.R.C.P. Nos. 1301–1314. If, after the arbitration, the prothonotary enters an award for possession on the docket in favor of the landlord and the tenant fails to maintain the *supersedeas* required by Rule 1008 prior to the prothonotary entering judgment on the award, then the landlord may terminate the *supersedeas* pursuant to Rule 1008B and request an order of possession from the magisterial district judge pursuant to Rule 515. If the prothonotary enters an award on the docket in favor of the tenant and the tenant fails to maintain the *supersedeas* prior to the prothonotary entering judgment on the award, the landlord may not obtain an order of possession between the time that the prothonotary enters the arbitration award on the docket and the time that the landlord files a notice of appeal.</u>**

The money judgment portion of a landlord and tenant judgment (**[see]** *see* Pa.R.C.P.M.D.J. Nos. 514 and 521) would be governed by subdivision A.

Rule 1013.  Writ of **[Certiorari]** _**Certiorari**_ as **[Supersedeas]** _**Supersedeas**_

A.      Receipt of the writ of **[certiorari]** _**certiorari**_ by the magisterial district judge to whom it was directed shall operate as a **[supersedeas]** _**supersedeas**_, except as provided in subdivisions B and C of this rule.

B.      When **[the]** **a tenant obtains a** writ of **[certiorari]** _**certiorari**_ **[involves] involving** a judgment for the possession of real property, receipt of the writ by the magisterial district judge shall operate as a **[supersedeas]** _**supersedeas**_ only if the **[party]** **tenant** obtaining the writ at the time of filing the writ, deposits with the prothonotary a sum of money (or a bond, with surety approved by the prothonotary) equal to the lesser of three **[(3)]** months' rent or the rent actually in arrears on the date of the filing of the **[praecipe]** _**praecipe**_ for writ of **[certiorari]** _**certiorari**_ **[("praecipe")]** **("**_**praecipe**_**")**, as determined by the magisterial district judge, and, thereafter, deposits cash or bond with the prothonotary in a sum equal to the monthly rent **[which]** **that** becomes due during the period of time the proceedings upon writ are pending in the court of common pleas, such additional deposits to be made within **[thirty (30)]** **30** days following the date of the filing of the **[praecipe]** _**praecipe**_, and each successive **[thirty (30)]** **30-**day period thereafter.

Upon application by the landlord, the court shall release appropriate sums from the escrow account on a continuing basis while the writ is pending and while the ensuing proceeding is pending (in the event the writ is granted) to compensate the landlord for the tenant's actual possession and use of the premises during the pendency of the writ and during the pendency of the ensuing proceeding (in the event the writ is granted).

In the event that the **[party]** **tenant** filing the **[praecipe]** _**praecipe**_ fails to deposit the sums of money, or bond, required by this rule when such deposits are due, the prothonotary, upon **[praecipe]** _**praecipe**_ filed by the **[party that did not file the praecipe for writ of certiorari]** **landlord**, shall terminate the **[supersedeas]** _**supersedeas**_. Notice of the termination of the **[supersedeas]** _**supersedeas**_ shall be forwarded by first class mail to **the** attorneys of record, or, if a party is unrepresented to the party's last known address of record.

**[Where]** **When** the deposit of money or bond is made pursuant to this Rule at the time of the filing of the **[praecipe]** _**praecipe**_, the prothonotary shall make upon the writ and its copies a notation that the writ will operate as a **[supersedeas]** _**supersedeas**_ when received by the magisterial district judge.

C.      Indigent Tenants

(1)      Residential tenants who seek to file a **[praecipe]** _**praecipe**_ involving a magisterial district court judgment for possession and who do not have the ability to pay the lesser of three months' rent or the full amount of the magisterial district court judgment

for rent shall file with the office of the prothonotary a tenant's affidavit, as set forth in subdivision **B**(2).

        (2)     The tenant's affidavit shall be substantially in one of the following two forms:

[Caption]
### TENANT'S **[SUPERSEDEAS]** _**SUPERSEDEAS**_ AFFIDAVIT (NON-SECTION 8)

        I, _____ (print name and address here), have filed a **[praecipe]** _**praecipe**_ for a writ of **[certiorari]** _**certiorari**_ to review a magisterial district court judgment awarding to my landlord possession of real property that I occupy, and I do not have the financial ability to pay the lesser of three **[(3)]** times my monthly rent or the judgment for rent awarded by the magisterial district court. My total household income does not exceed the income limits set forth in the instructions for obtaining a stay pending issuance of a writ of **[certiorari]** _**certiorari**_ and I have completed an **[in forma pauperis]** _**in forma pauperis**_ (IFP) affidavit to verify this. I have/have not (cross out the one that does not apply) paid the rent this month.

        I verify that the statements made in this affidavit are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

_____                           _____
      Date                                          SIGNATURE OF TENANT

OR

[Caption]

### SECTION 8 TENANT'S **[SUPERSEDEAS]** _**SUPERSEDEAS**_ AFFIDAVIT

        I, _____ (print name and address here), have filed a **[praecipe]** _**praecipe**_ for a writ of **[certiorari]** _**certiorari**_ to review a magisterial district court judgment awarding my landlord possession of real property that I occupy, and I do not have the financial ability to pay the lesser of three **[(3)]** times my monthly rent or the actual rent in arrears. My total household income does not exceed the income limits set forth in the Instructions for obtaining a stay pending issuance of writ of **[certiorari]** _**certiorari**_ and I have completed an **[in forma pauperis]** _**in forma pauperis**_ (IFP) affidavit to verify this. I have/have not (cross out the one that does not apply) paid the rent this month.

The total amount of monthly rent that I personally pay to the landlord is $ _____. I hereby certify that I am a participant in the Section 8 program and I am not subject to a final (**[i.e.]** *i.e.*, non-appealable) decision of a court or government agency **[which]** **that** terminates my right to receive Section 8 assistance based on my failure to comply with program rules.

I verify that the statements made in this affidavit are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

_____                          _____
            Date                                        SIGNATURE OF TENANT

(3)     (a)     If the rent has already been paid to the landlord in the month in which the **[praecipe]** *praecipe* is filed, the tenant shall pay into an escrow account with the prothonotary the monthly rent in **[thirty (30)]** **30**-day intervals from the date the **[praecipe]** *praecipe* was filed; or

(b)     If the rent has not been paid at the time of filing the **[praecipe]** *praecipe*, the tenant shall pay:

(i)     at the time of filing the **[praecipe]** *praecipe*, a sum of money equal to one third (1/3) of the monthly rent;

(ii)     an additional deposit of two thirds (2/3) of the monthly rent within **[twenty (20)]** **20** days of filing the **[praecipe]** *praecipe*; and

(iii)     additional deposits of one month's rent in full each **[thirty]** **30** days after filing the **[praecipe]** *praecipe*.  The amount of the monthly rent is the sum of money found by the magisterial district judge to constitute the monthly rental for the leasehold premises pursuant to Rule 514A. However, when the tenant is a participant in the Section 8 program, the tenant shall pay the tenant share of the rent as set forth in the "Section 8 Tenant's **[Supersedeas]** *Supersedeas* Affidavit" filed by the tenant.

(4) The prothonotary's office of the **[C]c**ourt of **[C]c**ommon **[P]p**leas in which the **[praecipe]** *praecipe* is filed shall provide residential tenants who have suffered a judgment for possession with a "Supplemental Instructions for Obtaining a Stay of Eviction" as it appears on the **[website]** **Forms page** of the **[Minor Court Rules Committee]** **website of the Unified Judicial System of Pennsylvania at www.pacourts.us**.

Note:  The **[website of the Minor Court Rules Committee is part of the]** <u>Forms</u> <u>page is found on the</u> home page of the **[Administrative Office of Pennsylvania Courts]** <u>Unified Judicial System of Pennsylvania</u> at www.pacourts.us.  The Supplemental Instructions include both instructions and income limits.

The income limits are stated in monthly amounts and are based upon the most recent poverty income guidelines issued by the Federal Department of Health and Human Services.

(5)  When the requirements of [paragraphs] **subdivisions <u>C</u>**(2)**[ and ]**<u>–</u> (3) have been met, the prothonotary shall issue a **[supersedeas]** *<u>supersedeas</u>*.

(6)  Upon application by the landlord, the court shall release appropriate sums from the escrow account on a continuing basis while the writ is pending and while the ensuing proceeding is pending (in the event the writ is granted) to compensate the landlord for the tenant's actual possession and use of the premises during the pendency of the writ and during the pendency of the ensuing proceeding (in the event the writ is granted).

(7)  If the tenant fails to make monthly rent payments to the prothonotary as described in **[paragraph]** <u>subdivision **C**</u>(3), the **[supersedeas]** *<u>supersedeas</u>* may be terminated by the prothonotary upon **[praecipe]** *<u>praecipe</u>* by the landlord or other party to the action.  Notice of the termination of the **[supersedeas]** *<u>supersedeas</u>* shall be forwarded by first class mail to <u>the</u> attorneys of record, or, if a party is unrepresented, to the party's last known address of record.

(8)  If the **[C]**<u>c</u>ourt of **[C]**<u>c</u>ommon **[P]**<u>p</u>leas determines, upon written motion or its own motion, that the averments within any of the tenant's affidavits do not establish that the tenant meets the terms and conditions of **[paragraph]** <u>subdivision</u> **<u>C</u>**(1), **[supra]** *<u>supra</u>*, the **[C]**<u>c</u>ourt may terminate the **[supersedeas]** *<u>supersedeas</u>*. Notice of the termination of the **[supersedeas]** *<u>supersedeas</u>* shall be forwarded by first class mail to <u>the</u> attorneys of record, or, if a party is unrepresented, to the party's last known address of record.

D.  If a writ of **[certiorari]** *<u>certiorari</u>* is stricken, dismissed<u>,</u> or discontinued, any **[supersedeas]** *<u>supersedeas</u>* based on it shall terminate.  The prothonotary shall pay the deposits of rental to the **[party who sought possession of the real property]** <u>landlord</u>.

Official Note:  As in appeals (*see* Pa.R.C.P.M.D.J. No. 1008), **[certiorari]** *<u>certiorari</u>* operates as an automatic **[supersedeas]** *<u>supersedeas</u>* in civil actions when the writ is received by the magisterial district judge.  If the writ involves a judgment for the possession of real property, however, it will operate as a **[supersedeas]** *<u>supersedeas</u>* upon receipt by the magisterial district judge only if money is paid or a bond is filed conditioned as stated in the rule.  This Rule has been amended to require a payment

equal to the lesser of three months' rent or the rent actually in arrears in order for the writ involving a judgment for the possession of real property to act as a **[supersedeas]** *supersedeas* to ensure consistency between this Rule and Pa.R.C.P.M.D.J. No. 1008 (Appeal as **[Supersedeas]** *Supersedeas*). A new subdivision **[(C)]** <u>C</u> was created in 2008 to provide a **[praecipe]** *praecipe* for writ of **[certiorari]** *certiorari* process for indigent residential tenants who are unable to meet the bond requirements of subdivision **[(B)]** <u>B</u>.

The request for termination of the **[supersedeas]** *supersedeas*, upon the **[praecipe]** *praecipe* filed with the prothonotary, may simply state: "Please terminate the **[supersedeas]** *supersedeas* in the within action for failure of the **[party filing the writ]** <u>tenant</u> to pay monthly rental as required by Pa.R.C.P.M.D.J. No. 1013 when it became due" and will be signed by landlord. The prothonotary will then note upon the **[praecipe]** *praecipe*: "Upon confirmation of failure of the **[party filing the writ]** <u>tenant</u> to deposit the monthly rent when it became due the **[supersedeas]** *supersedeas* is terminated," and the prothonotary will sign and clock the **[praecipe]** *praecipe*. A copy of the **[praecipe]** *praecipe* may thereupon be displayed to the magisterial district judge who rendered the judgment, and a request for issuance of an order for possession under Pa.R.C.P.M.D.J. No. 515 may be made.

The money judgment portion of a landlord and tenant judgment (**[see]** *see* Pa.R.C.P.M.D.J. Nos. 514 and 521) would be governed by subdivision A of this rule.